JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YVETTE M. TILLMAN HENLEY

**DEFENDANTS**
BRANDYWINE HOSPITAL, LLC and LISA MACMULLEN, *individually*

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*
Chester County

County of Residence of First Listed Defendant  Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esq., Derek Smith Law Group, PLLC
1835 Market Street, Ste 2950, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☒ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 12101 et seq; 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. §1981; 29 U.S.C. § 2601 et seq

Brief description of cause:
Discrimination on the basis of disability and race; Retaliation for reporting such discriimination and for exercising her rights under FMLA.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 10/22/18   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 103 Lockhart's Lane, Coatesville, PA 19320

Address of Defendant: 201 Reeceville Rd, Coatesville, PA 19320

Place of Accident, Incident or Transaction: 201 Reeceville Rd, Coatesville, PA 19320

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/22/2018    Christopher Booth, Esq.

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* ADA, FMLA, 1981

**B.**  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher Booth, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/22/2018    Christopher Booth, Esq.    59395

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| YVETTE M. TILLMAN HENLEY | : | CIVIL ACTION |
| v. | : | |
| BRANDYWINE HOSPITAL, LLC and | : | |
| LISA MACMULLEN, *individually* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| October 22, 2018 | Christopher R. Booth, Jr., Esq. Derek Smith Law Group | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | | christopher@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
YVETTE M. TILLMAN HENLEY,

                                      Plaintiff,

-against-

BRANDYWINE HOSPITAL, LLC AND
LISA MACMULLEN, *individually*,

                                      Defendants.
---------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff, Yvette M. Tillman Henley, as and for her Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* (the "ADA"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. §1981 ("Section 1981"), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq*. ("PHRA"), the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq* ("PFPO"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of her disability and race, and retaliated against by her employer for reporting such discrimination and for exercising her rights to leave under the FMLA.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is also conferred upon the court as this action involves a federal question under the ADA, Title VII, Section 1981, and the FMLA. The Court also has supplemental jurisdiction over Plaintiff's claims under the PHRA and PFPO.

3. Venue is proper in this district based upon Defendants' operate a business site within the County of Chester, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place in Coatesville, Pennsylvania within the Eastern District of Pennsylvania, 28 U.S.C §1391(a) and that Plaintiff lives in Chester County within the Commonwealth of Pennsylvania.

4. On or around December 11, 2017 Plaintiff dual filed a charge of discrimination and retaliation with the EEOC, the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

5. On or around July 23, 2018, the EEOC issued Plaintiff a Dismissal Notice of Right to Sue.

6. This action is being commenced within ninety (90) days of Plaintiff receiving the Notice of Right to Sue.

## PARTIES

7. Plaintiff YVETTE M. TILLMAN HENLEY (hereinafter also referred to as Plaintiff and "Ms. Henley") is an African American female and resident of the Commonwealth of Pennsylvania.

8. Defendant BRANDYWINE HOSPITAL, LLC (hereinafter also referred to as "BRANDYWINE") is a limited liability company existing under the laws of the Commonwealth of Pennsylvania.

9. Defendant BRANDYWINE does business as BRANDYWINE HOSPITAL, with its principal place of business located at 201 Reeceville Rd, Coatesville, PA 19320.

10. At all times material, Defendant LISA MACMULLEN (hereinafter also referred to as "MACMULLEN") was an employee at Defendant BRANDYWINE.

11. At all times material, Defendant MACMULLEN was employed as a supervisor with BRANDYWINE.

12. At all times material, Defendant MACMULLEN held supervisory authority over Plaintiff.

13. According to its website, BRANDYWINE has served "Chester County for more than 100 years…Under new leadership, Brandywine Hospital continues to expand upon the medical staff and added enhanced services, including heart and lung surgery, vascular surgery, imaging services and more to meet the community's needs. These changes have translated into national recognitions for quality and an outstanding patient experience in numerous specialties. We work hard every day to be a place of healing, caring and connection for patients and loved ones in the community we call home."

## MATERIAL FACTS

14. At all times material hereto, Plaintiff has been employed as a Registrar within the Emergency Room Registration Department at Brandywine. Plaintiff's position involves ensuring that patients in the Emergency Room are properly registered as patients and to

provide customer service to such patients according to Brandywine's policies and procedures during the registration process.

15. By means of example and not meant to be an exhaustive list, Plaintiff continuously informed her supervisors that she needed short breaks to check her blood sugar levels 2 to 3 times a day due to her diabetes. In response, Plaintiff's supervisors would accuse her of disappearing from work and taking unauthorized bathroom breaks.

16. Plaintiff suffers from diabetes and hypokalemia (low potassium), both of which constitute a disability under Titles II and III of the ADA. Diabetes and hypokalemia affect Plaintiff's ability to perform daily tasks such as walking and running, as well as her stamina to engage in certain physical activity continuously over long periods of time (including sitting for long periods of time), and causes frequent urination and fatigue. Hypokalemia may also cause elevation of blood pressure.

17. However, neither Plaintiff's diabetes nor hypokalemia affects her ability to perform her job fully and competently.

18. Defendants failed to engage in an interactive discussion to determine a reasonable accommodation to allow Plaintiff to take necessary bathroom breaks during the work day.

19. Prior to November 2017, Plaintiff was not given any scheduled breaks notwithstanding her 8-plus hour work days to check her blood sugar or blood pressure.

20. Moreover, in March 2017, Defendant's Interim HR Director, Lisa Goble, informed Plaintiff to "not even think about reporting my time to FMLA (meaning FMLA Source, Brandywine's FMLA administrator)" and if she did, Ms. Goble would contact FMLA

4

Source and fight the requested FMLA time directly. Ms. Goble also informed Plaintiff that she was a kidney transplant recipient and that "she knows all about medicine and that maybe [Plaintiff] should try to take [her] medicine in the morning or evening."

21. Further, two of Plaintiff's co-workers, Heather Aubry and Cheryl Lafond, stated that they have problem registering and/or servicing African American patients who came to the Emergency Room for emergency medical attention.

22. More specifically, the co-worker described such patients as "ignorant", "rude", "disruptive", "abrupt" and other negative connotations and racially incentive names.

23. Plaintiff's co-workers have refused and often continue to refuse to handle the registration of certain African American patients, and often speak to such African American patients in a condescending and degrading manner. The co-employee's negative demeanor causes such African American patients to be offended and forced to defend themselves against such negative treatment.

24. Ms. Aubry and Ms. LaFond state that the only reason the African American patients are nice to Plaintiff is because Plaintiff is African American.

25. Accordingly, Plaintiff's co-workers will often pass-off the African American patients to Plaintiff simply because they do not want to handle their registration and because Plaintiff is African American.

26. Plaintiff's co-workers do not treat white Emergency Room patients in the same manner as the African American patients.

27. Plaintiff informed Defendant MACMULLEN of this racially incentive conduct and statements. However, Defendant MACMULLEN allowed these offensive comments and remarks to continue to happen.

28. Ms. Aubry and Ms. Lafond have continuously made similar statements regarding African American patients as being rude and disruptive over Plaintiff's objections, and they have continued to refer to such African American patients in a racially insensitive manner.

29. Ms. Aubry and Ms. Lafond also continuously accuse Plaintiff of talking too much with her African American, female supervisor, simply because they are both African American.

30. There are no such similar complaints regarding white employees speaking with their white supervisors in a similar manner in the workplace.

31. Lastly, in August 2018, Ms. LaFond repeated comments allegedly made by her boyfriend to the effect that white women were better and superior to black women, and that white women have more "class" than black women. Plaintiff responded that "you've got to be kidding me."

32. Ms. LaFond has also made other racially insensitive comments about African Americans who live in Coatesville, PA (which has a significant African American population) and has stated to Plaintiff that, "I don't even consider you to be black Yvetter because you live out in the country, and you don't sound or seem black."

33. Plaintiff complained about these statements to her supervisors, including to Defendant MACMULLEN.

34. Defendants continue to wrongfully discriminate and retaliate against Plaintiff and harass her because of her race and disability, interfere with Plaintiff's request for FMLA leave, and retaliate against her because of her opposition to the racially insensitive comments about Brandywine's African American patients and her communications with her African American female supervisor.

35. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

37. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

38. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

39. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION AND RETALIATION**
**UNDER 42 U.S.C. SECTION 1981**

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. 42 U.S.C. §1981 states in relevant part as follows:
    a. "Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

7

       laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

      b. "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

42. Plaintiff, as a member of the Black and/or African-American race, was discriminated against and was subjected to a hostile work environment by Defendants because of her race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint

44. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her race.

### THIRD CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

48. Defendants retaliated against Plaintiff because she opposed Defendants' unlawful employment practices.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

50. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter I, § 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

9

51. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

52. As such, Plaintiff has been damaged as set forth herein.

### AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

54. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter IV, § 12203, states: "(a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

55. Defendants engaged in an unlawful discriminatory practice by discriminating against and retaliating against Plaintiff because of Plaintiff's opposition to Defendants' unlawful employment practices.

56. As such, Plaintiff has been damaged as set forth herein.

### AS A SIXTH CAUSE OF ACTION
### FOR RETALIATION AND INTERFERENCE
### UNDER THE FAMILY AND MEDICAL LEAVE ACT

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

58. Title 29 of the Family and Medical Leave Act of 1993, Chapter 28, Subchapter I, § 2615 states as follows: "Prohibited Acts: (a) Interference with Rights (1) Exercise of Rights: It

shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise and right provided under this subchapter. (2) Discrimination: It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

59. Defendants interfered with Plaintiff's rights under the above section and discriminated against Plaintiff for opposing Defendants' unlawful employment practice and exercising her rights.

60. Defendants violated the FMLA by interfering with, restraining and/or denying Plaintiff's rights under the FMLA, including, but not limited to, by:

   a. Failing to comply with the general notice requirements under the FMLA;
   b. Failing to comply with the eligibility notice requirements under the FMLA;
   c. Failing to comply with the rights and responsibilities notice requirements under the FMLA;
   d. Failing to comply with the designation notice requirements under the FMLA;
   e. Failing to provide notice of a fitness-for-duty certification with the designation notice as required by the FMLA;
   f. Failing to continue to contribute to Plaintiff's health benefits while she was placed on involuntary medical leave;
   g. Discharging and/or constructively discharging, suspending and/or disciplining Plaintiff notwithstanding that Plaintiff was fit to perform her duties;
   h. Retaliating against Plaintiff for asking for a reasonable accommodation and/or leave to attend her doctor's appointment.
   i. In the alternative, forcing Plaintiff to go into involuntary, full-time medical leave;

j. Failing to provide Plaintiff with the proper FMLA forms and/or medical certifications;

k. Failing to supervise and/or train its employees and supervisors on compliance with the provisions of the FMLA;

l. Upon information and belief, failing to have an audit of Defendant's FMLA policies, procedures and compliance at its branch offices.

m. Otherwise violating the FMLA.

61. Defendants' violations of the FMLA were grossly negligent and/or willful.

62. As a direct and proximate cause of Defendants violation of the FMLA, Defendants are liable for Plaintiff's compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of their violation, and for appropriate equitable or other relief tailored to the harm suffered by Plaintiff. *See* 29 CFR 825.300 (e).

## SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE PHRA
### (Not Against Individual Defendants)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate

12

against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

65. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race.

66. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE PHRA

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

69. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A NINTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER THE PHRA

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

71. The PHRA § 955(e) provides that it shall be an unlawful employment practice "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

72. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: 10/22/18

**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Plaintiff*

By: _____

Christopher R. Booth, Jr., Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790
christopher@dereksmithlaw.com